IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT D. ROBERTS, #342232           *
              Plaintiff,
    v.                              *   CIVIL ACTION NO. AW-13-cv-411

CECIL CO. DISTRICT COURT,             *
  COMMISSIONERS. et al.
              Defendants.
                          ***

**MEMORANDUM**

On February 6, 2013, Plaintiff, an inmate currently confined at the Jessup Correctional Institution, filed this civil right complaint in the Court claiming that for the past seven years he has been held in prison illegally for a crime he did not commit. (ECF No. 1 at p. 3). He further contends that he was refused bail and court-appointed counsel during his initial appearance. Plaintiff claims that if he had been provided appointed counsel at that time, his "dying declaration" defense would have been known sooner. (*Id.*) Plaintiff seeks release from confinement, damages, and other miscellaneous relief. Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted.

The Maryland judiciary case search website references several Cecil County criminal cases involving Plaintiff, most of which were closed during 2004-2006. It is believed that Plaintiff's challenge goes to the case of *State v. Roberts*, Criminal No. 07K06000439 (Circuit Court for Cecil County, Maryland). In that criminal case Plaintiff entered a guilty plea to one count of first-degree-assault in 2007 and was sentenced to fifteen (15) years in the Division of Correction. *See* http://casesearch.courts.state.md.us/inquiry.

To the extent that Plaintiff takes issue with his prosecution, conviction and confinement and seeks damages for his incarceration, his claims are inextricably interwoven with the constitutionality

of his criminal charges and conviction. Consequently, this § 1983 complaint for damages shall be summarily dismissed without prejudice. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a § 1983 claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless he first proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  *See Heck*, 512 U.S. at 486-7.

Here, Plaintiff's self-represented damage claims directly relate to the constitutionality of his arrest, charges and state conviction and success in this civil rights action might vitiate the legality of the conviction.  There is no showing that his conviction has been vacated or otherwise invalidated. His civil rights claim for damages may not proceed at this time under *Heck*.

For the aforementioned reasons, this action shall be dismissed without prejudice.  A separate Order follows.


Date:  February 13, 2013                               /s/
                                              Alexander Williams, III
                                              United States District Judge

---

[1] Section 1983 relief does, however, remain available where success in the civil rights suit would not necessarily invalidate the legality of (not previously invalidated) state confinement. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-81 (2005) (*Heck* inapplicable to constitutional 42 U.S.C. § 1983 challenges to state parole procedures, as success does not mean immediate release and does not lay "at the core of habeas corpus."); *Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005) (prisoner's 42 U.S.C. § 1983 damage claim for illegal extradition does not imply that his criminal judgment is invalid).